IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before me on the following motions:

(1) **Defendant Thomas J. Flower, D.O.'s Motion to Dismiss for Lack of Certificate of Review**, filed April 5, 2005, and

(2) **Defendant Thomas J. Flower, D.O.'s Motion to Dismiss**, filed January 28, 2005.

For the following reasons, I respectfully RECOMMEND that

(1) Defendant Thomas J. Flower, D.O.'s Motion to Dismiss for Lack of Certificate of Review be DENIED. I further RECOMMEND that

(2) Defendant Thomas J. Flower, D.O.'s Motion to Dismiss be DENIED to the extent it seeks dismissal of the claim against defendant Flower based on the statute of limitations and GRANTED to the extent it seeks dismissal of the claim against defendant Flower for failure to state a claim upon which relief can be granted.

## I. STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on December 17, 2004. The Complaint contains the following allegations pertaining to defendant Flower:

1. The plaintiff's work release program at the Bodymax Gym was revoked and he was sent to the Weld County Centennial Jail on or about March 2, 2001. *Complaint*, p. 4, ¶ 1. "The plaintiff came to the jail in March 2001 in arguably the best shape of his life, having dieted and trained fervently since 1983 to build a body that was healthy and robust at 202 pounds / 9% body fat." Id. at pp. 4i-4j, ¶ 26.

2. On or about March 10, 2001, the plaintiff weighed 196 pounds. On or about May 10, 2001, the plaintiff weighed 197 pounds. Id. at p. 4, ¶¶ 2, 4.

3. On May 15, 2001, the plaintiff submitted his first kite to defendant Flower, the jail physician. The plaintiff complained that he was hungry and losing weight. The plaintiff requested that he be served a larger amount of food. Dr. Flower ran blood tests to check for illness, but did not increase the amount of food the plaintiff was receiving. Id. at pp. 4-4a, ¶ 5.

4. The plaintiff repeatedly told defendant Flower that his 2,500 calorie prison diet was inadequate and that he needed additional food. Dr. Flower ignored his requests for additional food. Id. at p. 4a, ¶ 5.

5. On or about July 25, 2001, the plaintiff contacted Dr. Flower again and asked him to authorize an increase in his food portions. The plaintiff had lost ten pounds. Dr. Flower "did little but stall the plaintiff with excuses, making no effort to remedy the tragic situation he was faced with." Id. at pp. 4a-4b, ¶ 7.

6. On or about September 15, 2001, defendant Flower approved a dietary supplement, which helped slow the plaintiff's rate of weight loss "slightly." The plaintiff had lost over 15 pounds by this date. Id. at p. 4b, ¶ 9.

7. On or about November 15, 2001, the plaintiff's dietary supplement was discontinued without explanation. Id. at p. 4b, ¶ 10. The plaintiff submitted a kite to defendant Flower requesting that he authorize a renewal of the dietary supplement. The plaintiff met with defendant Flower, and Flower told him that the plaintiff's weight loss had been sufficiently curbed to discontinue the supplement permanently. The plaintiff told Flower that he had lost an additional three pounds during the sixty days he received the supplement and that his total weight had dropped more than twenty pounds. He requested that the supplement be continued and that the amount of supplement be increased. Defendant Flower refused. Id. at p. 4c, ¶ 11.

8. The plaintiff filed a grievance against defendant Flower on or about November 25, 2001, regarding the discontinuation of the supplement and his weight loss of nearly twenty-five pounds. Id. at p. 4c, ¶ 12.

9. The plaintiff "was finally able to see the jail physician again" on September 3, 2002, "after having put in a request weeks earlier." The plaintiff saw a different physician this time. The physician documented the plaintiff's weight loss at a total of 39 pounds. The physician promised to obtain a supplement for the plaintiff's diet immediately, but the plaintiff was transferred from the Weld County Centennial Jail the next day. Id. at p. 4i, ¶ 25.

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Failure to File Certificate of Review

Defendant Flower states that this action is a medical negligence lawsuit and, therefore, the plaintiff was required to file a certificate of review pursuant to section 13-20-602, C.R.S. To the contrary, the Complaint brings one claim pursuant to 42 U.S.C. § 1983 for violation of the plaintiff's Eighth and Fourteenth Amendment rights. *Complaint*, pp. 3, 4. I respectfully RECOMMEND that Defendant Thomas J. Flower, D.O.'s Motion to Dismiss for Lack of Certificate of Review be DENIED.

### B. Statute of Limitations

Defendant Flower asserts that the claim against him is barred by the statute of limitations. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994). The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102. Federal law rather than state law determines when a cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969. "A civil rights action accrues when facts that would support a cause of action are or should be apparent." Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The Complaint unequivocally alleges that the plaintiff knew of the existence of his weight loss and that his weight loss was caused by defendant Flower's failure to supplement his diet by at least November 25, 2001--the date he submitted his grievance against defendant Flower. Therefore, the plaintiff was required to file his civil action against defendant Flower by at least November 25, 2003. The plaintiff's initial Complaint was not received by the Court until September 7, 2004.[1]

The plaintiff claims that the continuing violation doctrine applies to his claims. The Tenth Circuit Court of Appeals has not extended the continuing violation doctrine to section 1983 actions. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); Slusher v. Gabler, 36 F.3d 1105, 1994 WL 504310, *2 (10th Cir. Sept. 15, 1994). Therefore, absent tolling, the plaintiff was required to file his civil action against defendant Flower on or before November 25, 2003.

---

[1]The plaintiff argues that, pursuant to the mailbox rule, his Complaint should be deemed filed on September 1, 2004, the date he submitted the Complaint to prison officials for mailing. Because I find that the plaintiff could be entitled to equitable tolling, I do not reach the mailbox rule issue.

The issue of tolling is governed by Colorado state law.  See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995).  Colorado's statutory tolling provisions do not apply here because the plaintiff does not allege that he is a "person under disability"--that is to say, he does not claim to be "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian."  See Colo.Rev.Stat. §§ 13-81-101, 103.

Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts."  Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff asserts that he is entitled to equitable tolling.  He alleges that he submitted a kite requesting use of the jail's law library on August 10, 2001.  The responding officer denied his request and told him that the law library was available only to those inmates who were designated by the court as *pro se* and who were defending pending criminal cases.  *Complaint*, p. 4b, ¶ 8.  The plaintiff claims that he was refused access to a law library until October 1, 2002, when he was transferred to the Sterling Correctional Facility.  *Plaintiff's Answer to Defendant Dr. Thomas J. Flower, D.O.'s Motion to Dismiss Pursuant to F.R.C.P. Rule 12(b)(6)* (the "Response"), p. 3.

Accepting the plaintiff's allegations as true and construing all reasonable inferences in favor of the plaintiff, the plaintiff has sufficiently alleged that the defendants wrongfully prevented him from asserting his claims in a timely fashion.  Therefore, the plaintiff may be entitled to equitable tolling from August 10, 2001, until October 1, 2002, which would render the Complaint timely filed.[2]  I respectfully RECOMMEND that Defendant Thomas J. Flower,

---

[2]I make no determination regarding whether the plaintiff is actually entitled to equitable tolling; I find only that the plaintiff's allegations are sufficient to withstand a motion to dismiss.

D.O.'s Motion to Dismiss be DENIED insofar as it seeks dismissal of the claim against him as barred by the statute of limitations.

**C. Failure to State a Claim upon Which Relief Can Be Granted**

The Complaint alleges that the plaintiff was denied adequate food in violation of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to substantive due process. *Complaint*, p. 4. The Complaint further alleges that the plaintiff was a pretrial detainee during this period. Id. at p. 3.

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535. Nevertheless, in order to state a claim for violation of substantive due process, a pretrial detainee's claim for inadequate medical care must meet the Eighth Amendment's requirements in alleging deliberate indifference to a serious medical need. Sawyer v. County of Creek, 908 F.2d 663, 667 (10th Cir. 1990).

To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component. The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is

met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim for failure to protect in violation of the Eighth Amendment. Id. at 1205.

The Complaint alleges that the plaintiff had lost approximately five pounds when he submitted his first kite to defendant Flower on May 15, 2001. Defendant Flower ran blood tests to determine if the plaintiff was suffering from an illness. Defendant Flower refused or ignored the plaintiff's requests for additional food until September 15, 2001, when the plaintiff showed a weight loss of over 15 pounds. Flower then approved a dietary supplement for the plaintiff which helped to slow the weight loss to three pounds during a sixty day period. On November 15, 2001, Flower felt that the plaintiff's weight loss was sufficiently curbed to discontinue the supplement. The Complaint does not allege that the plaintiff sought additional treatment from Dr. Flower. The plaintiff was transferred out of the jail on September 4, 2002.

The Complaint does not contain any allegations that defendant Flower was deliberately indifferent to the plaintiff's medical needs. To the contrary, the Complaint alleges that defendant Flower treated the plaintiff's weight loss condition by initially performing blood tests to determine if the plaintiff's loss of five pounds was due to illness; by ordering a dietary supplement after the plaintiff suffered additional weight loss; and by discontinuing the dietary supplement after the plaintiff's weight loss had slowed significantly. Dr. Flower's treatment of

the plaintiff, as alleged in the Complaint, does not constitute deliberate indifference and, therefore, does not constitute a violation of substantive due process. I respectfully RECOMMEND that Defendant Thomas J. Flower, D.O.'s Motion to Dismiss be GRANTED to the extent it seeks dismissal of the claim against defendant Flower for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

I respectfully RECOMMEND that Defendant Thomas J. Flower, D.O.'s Motion to Dismiss for Lack of Certificate of Review be DENIED.

I further RECOMMEND that Defendant Thomas J. Flower, D.O.'s Motion to Dismiss be DENIED insofar as it seeks dismissal of the claim against him as barred by the statute of limitations and GRANTED to the extent it seeks dismissal of the claim against him for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review

by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge