IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on **Defendant Ed Jordan's Motion to Dismiss Amended Complaint** (the "Motion), filed February 4, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be DENIED insofar as it seeks dismissal of the claim against defendant Jordan as barred by the statute of limitations and GRANTED to the extent it seeks dismissal of the claim against him for failure to state a claim upon which relief can be granted.

**I. STANDARD OF REVIEW**

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on December 17, 2004. The Complaint contains the following allegations pertaining to defendant Jordan:

1.  The plaintiff's work release program was revoked and he was sent to the Weld County Centennial Jail on or about March 2, 2001. *Complaint*, p. 4, ¶ 1. During his incarceration at the jail, defendant Wycoff performed two shakedowns of the plaintiff's cell. Defendant Wycoff wrongly confiscated the plaintiff's food both times, and falsely charged the plaintiff with an infraction the second time. The plaintiff filed grievances on the issue. Id. at pp. 4d-4e, ¶¶ 15-18.

2.  On or about January 20, 2002, the plaintiff sent a letter to Sheriff Ed Jordan "in one final informal attempt at resolving the issue." He enclosed copies of all of his grievances against defendant Wycoff and copies of the responses to the grievances. Defendant Jordan's response to the letter "was to look for an excuse to deny the plaintiff's request for an investigation into the matter, and he found a way to shrug responsibility by disallowing it on a technicality." Id. at p. 4e, ¶ 19.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### B.  Statute of Limitations

Defendant Jordan asserts that the claim against him is barred by the statute of limitations. Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994).  The appropriate statute of limitation for §1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102.  Federal law rather than state law determines when a cause of action accrues.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  Id. at 969.  "A civil rights action accrues when facts that would support a cause of action are or should be apparent."  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The Complaint alleges that the plaintiff sent his letter to defendant Jordan on or about January 20, 2002.  The plaintiff could not know the existence and cause of his injury until he received Jordan's response.  The Complaint does not specify when defendant Jordan responded to the letter.  Therefore, it is impossible to determine from the allegations of the Complaint the date the plaintiff's cause of action against defendant Jordan accrued.

Moreover, the allegations of the Complaint make it impossible to rule out equitable tolling of the statute of limitations.[1] The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff asserts that he is entitled to equitable tolling. He alleges that he submitted a kite requesting use of the jail's law library on August 10, 2001. The responding officer denied his request and told him that the law library was available only to those inmates who were designated by the court as *pro se* and who were defending pending criminal cases. *Complaint*, p. 4b, ¶ 8. The plaintiff claims that he was refused access to a law library until October 1, 2002, when he was transferred to the Sterling Correctional Facility. *Plaintiff's Answer to Defendant Ed Jordan's Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6)* (the "Response"), p. 6.

Accepting the plaintiff's allegations as true and construing all reasonable inferences in favor of the plaintiff, the plaintiff has sufficiently alleged that the defendants wrongfully prevented him from asserting his claims in a timely fashion. Therefore, the plaintiff may be entitled to equitable tolling from August 10, 2001, until October 1, 2002, which would render the

---

[1] Colorado's statutory tolling provisions do not apply here because the plaintiff does not allege that he is not a "person under disability," that is to say, he is not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian." See Colo.Rev.Stat. §§ 13-81-101, 103.

Complaint timely filed.[2]  I respectfully RECOMMEND that Defendant Ed Jordan's Motion to Dismiss Amended Complaint be DENIED insofar as it seeks dismissal of the claim against him as barred by the statute of limitations.

### C. Failure to State a Claim upon Which Relief Can Be Granted

The Complaint alleges that defendant Jordan violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to substantive due process.  *Complaint*, p. 4.  The Complaint further alleges that the plaintiff was a pretrial detainee at all times pertinent to the allegations of the Complaint.  Id. at p. 3.

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment.  Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law."  Id. at 535.

The United States Supreme Court has stated:

> While due process protection in the substantive sense limits what the government may do in both its legislative and its executive capacities, criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue.
>
> Our cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense, thereby recognizing the point made in different circumstances by Chief Justice Marshall, that it is a constitution we are expounding.  Thus, in Collins v. Harker Heights, for example, we said that the Due

---

[2] I make no determination regarding whether the plaintiff is actually entitled to equitable tolling; I find only that the plaintiff's allegations are sufficient to withstand a motion to dismiss.

5

> Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression.
>
> To this end, for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience. We first put the test this way in Rochin v. California, where we found the forced pumping of a suspect's stomach enough to offend due process as conduct that shocks the conscience and violates the decencies of civilized conduct. In the intervening years we have repeatedly adhered to Rochin's benchmark. Most recently, in Collins v. Harker Heights, we said again that the substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. While the measure of what is conscience shocking is no calibrated yard stick, it does, as Judge Friendly put it, point the way.

County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998) (internal quotations and citations omitted).

The Complaint alleges that defendant Jordan merely denied the plaintiff's final informal attempt at resolving his differences with defendant Wycoff. Defendant Jordan's actions, as alleged in the Complaint, do not rise to the level of a constitutional violation. I respectfully RECOMMEND that Defendant Ed Jordan's Motion to Dismiss Amended Complaint be GRANTED to the extent it seeks dismissal of the claim against defendant Jordan for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant Ed Jordan's Motion to Dismiss Amended Complaint be DENIED insofar as it seeks dismissal of the claim against him as barred by the

statute of limitations and GRANTED to the extent it seeks dismissal of the claim against him for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

   /s/ Boyd N. Boland
United States Magistrate Judge