IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Weld County's and Weld County Sheriff John Cooke's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) F.R.C.P.** (the "Motion"), filed January 24, 2005. For the following reasons, I respectfully RECOMMEND that the Motion be GRANTED.

### I. STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief. Id.

## II. BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on December 17, 2004. The Complaint makes the following general allegations:

1. The plaintiff's work release program at the Bodymax Gym was revoked and he was sent to the Weld County Centennial Jail on or about March 2, 2001. *Complaint*, p. 4, ¶ 1. "The plaintiff came to the jail in March 2001 in arguably the best shape of his life, having dieted and trained fervently since 1983 to build a body that was healthy and robust at 202 pounds / 9% body fat." Id. at pp. 4i-4j, ¶ 26. By the time he was transferred from the jail on September 4, 2002, he had lost a total of 39 pounds. Id. at p. 4i, ¶ 25.

2. During his incarceration at the jail, the plaintiff's food was wrongly confiscated; he was falsely charged with infractions; his grievances were denied; and he was subjected to excessive force. Id. at pp. 4b-4k, ¶¶ 10-26.

## III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

>Constitution and laws, shall be liable to the party injured in an
>action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A. Sheriff John Cooke

John Cooke accepted service of the Summons and Complaint on October 26, 2004. *Process Receipt and Return*, filed November 1, 2004. John Cooke is currently the Sheriff of Weld County. The Complaint names Ed Jordan, the former Weld County Sheriff, as a defendant in his individual and official capacities. *Complaint*, p. 2, ¶ 2. The Complaint does not name Sheriff Cooke as a defendant, nor does it contain any allegations against Sheriff Cooke.

The plaintiff states that "John Cooke is not legally responsible for any liability that was incurred by Ed Jordan during his tenure as Sheriff of Weld County, and as such, the plaintiff would have no intention of pursuing any legal action against John Cooke." *Plaintiff's Answer to Weld County's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) F.R.C.P.*, pp. 2-3, ¶ 2. Therefore, to the extent the Complaint may be construed as asserting a claim against Sheriff Cooke in his individual or official capacities, I respectfully RECOMMEND that such claim be DISMISSED.

### B. Failure to State a Claim upon Which Relief Can Be Granted

Weld County by and through the Board of County Commissioners of the County of Weld ("Weld County") argues that the Complaint fails to state a claim upon which relief can be granted. The text of the Complaint does not contain any allegations against Weld County. Under the section entitled "Parties," the Complaint states the following:

>Upon information and belief, this entity has policymaking
>authority over the Weld County Centennial Jail, and as regulated
>by C.R.S. § 17-26-126, is responsible for being informed of its
>operation and management, and for the correction of any
>improprieties found therein. Pursuant to C.R.S. § 24-10-110, § 29-

3

>    5-111(1), § 24-10-106(e), and § 30-25-110, they may be held
>    liable for actions of its employees.

*Complaint*, p. 2c, ¶ 13.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. Id. at 690. A custom is a "persistent and widespread ... practice[] of ... officials." Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The Complaint does not allege that any custom or policy is responsible for the deprivation of the plaintiff's constitutional rights. To the contrary, the Complaint painstakingly details the alleged wrongdoings of numerous individual jail employees over the plaintiff's eighteen month period of incarceration.

Insofar as the plaintiff is attempting to assert a violation of his constitutional rights based on Weld County's failure to adhere to Colorado statutory law, the argument is without merit. State statutes are not determinative of the requirements of the Constitution. Bell v. Wolfish, 441 U.S. 520, 543 n. 26 (1979). I respectfully RECOMMEND that the Motion be GRANTED insofar as it seeks dismissal of the claim against Weld County for failure to state a claim upon which relief can be granted.[1]

---

[1] Defendant Weld County also asserts that the claim against it is barred by the statute of limitations. However, because the Complaint does not allege any wrongdoing by Weld County, I do not reach this issue.

## IV. CONCLUSION

I respectfully RECOMMEND that Weld County's and Weld County Sheriff John Cooke's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) F.R.C.P. be GRANTED and that all claims be dismissed as against defendants John Cooke and the Municipality of Weld County by and Through the Board of County Commissioners of the County of Weld.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005.

BY THE COURT:

   /s/ Boyd N. Boland
United States Magistrate Judge