IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD,
_____

**ORDER**
_____

This matter is before me on **Plaintiff's Notice of the Identification of John Doe Defendants and Request for an Order Granting Service by United States Marshal** (the "Motion"), filed March 1. 2005.  The plaintiff's initial Prisoner Complaint (the "Initial Complaint") was filed on September 16, 2004.  The Initial Complaint named Jane Doe #1 and John Does #1 through #9.  On December 10, 2004, I granted the plaintiff leave to conduct limited discovery for purposes of identifying the Doe defendants, and I granted him an extension of time until February 28, 2005, to complete service of process against all defendants.

The plaintiff was granted leave to file an Amended Prisoner Complaint (the "Amended Complaint") on December 17, 2004.  The amendment was allowed as a matter of right pursuant to the Federal Rules of Civil Procedure.  Fed.R.Civ.P. 15(a).  The Amended Complaint identifies John Does #1 and #2 as Dr. Flower and C.O. Wycoff, respectively.  The plaintiff now seeks leave to file a second amended complaint to identify John Doe #8 as Kenneth Leach.   The plaintiff attaches to the Motion a proposed second amended complaint.

The Federal Rules of Civil Procedure provide that the plaintiff may amend his Amended Complaint only by leave of court, and that leave shall be given freely when justice so requires. Fed.R.Civ.P. 15(a). Although the federal rules require liberal application of the right to amend pleadings, the rules do not confer an unlimited right. A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The plaintiff identified John Doe #8 and requested that he be served by the U.S. Marshal within 120 days after he filed his Amended Complaint. Therefore, the addition of John Doe #8 is timely submitted. Fed.R.Civ.P. 4(m). The Amended Complaint alleges sufficient facts to state a claim for excessive force against John Doe #8. *Amended Complaint*, pp. 4f-4h, ¶ 21. As a result, the identification of John Doe # 8 is not futile. However, the plaintiff will not be granted leave to file a second amended complaint merely to identify John Doe #8. The identification of John Doe #8 as Kenneth Leach will be noted on the record and the U.S. Marshal will be directed to serve Mr. Leach in a separate order.

IT IS ORDERED that the Motion is GRANTED to the extent it seeks identification of John Doe #8 as Kenneth Leach and service of Mr. Leach by the U.S. Marshal.

IT IS FURTHER ORDERED that the Motion is DENIED to the extent it seeks leave to file a second amended complaint.

IT IS FURTHER ORDERED that the Clerk of the Court shall identify John Doe #8 as Kenneth Leach.

Dated July 18, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge