IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on **Defendant Leon Wikoff's Motion to Dismiss Amended Complaint** (the "Motion"), filed February 2, 2005.[1]  For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

### I. STANDARD OF REVIEW

As a preliminary matter, I must liberally construe the pleadings of a *pro se* plaintiff. Haines v. Kerner, 104 U.S. 519, 520-21 (1972).  Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true, and must construe all reasonable inferences in favor of the plaintiff.  City of

---

[1] Defendant Wycoff asserts that his last name is correctly spelled "Wikoff."  *Motion*, p. 1.

Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A claim should be dismissed only where, without a doubt, the plaintiff could prove no set of facts in support of his claims that would entitle him to relief.  Id.

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint (the "Complaint") on December 17, 2004.  The Complaint contains the following allegations against defendant Wikoff:

1.  The plaintiff's work release program was revoked and he was sent to the Weld County Centennial Jail on or about March 2, 2001.  On that day he weighed 202 pounds with 9% body fat.  By the time he was transferred from the jail on September 4, 2002, he had lost a total of 39 pounds.  *Complaint*, pp. 4, 4i, ¶¶ 1, 25.

2.  On or about December 20, 2001, defendant Wikoff, a correctional officer, performed a "shakedown" of the plaintiff's cell.  He confiscated food that the plaintiff had purchased from the jail's commissary, "purposely misinterpreting a frivolous and rarely-used rule as justification."  Id. at p. 4d, ¶¶ 14-15.  On or about January 5, 2002, defendant Wikoff performed another shakedown of the plaintiff's cell and again confiscated food that the plaintiff had purchased from the commissary.  Wikoff "completely [lied] in his justification for doing so."  In addition, Wikoff "wrote the plaintiff up" for having excessive food in his cell, "sending him to lockdown."  Wikoff commented that he could do anything he wanted and there was nothing the plaintiff could do about it.   Id. at pp. 4d 4e, ¶ 16.

## III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### B.  Statute of Limitations

Defendant Wikoff asserts that the claim against him is barred by the statute of limitations.  Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose.  Hunt v. Bennett, 17 F.3d 1263, 1265 (10th Cir. 1994).  The appropriate statute of limitation for §1983 actions arising in Colorado is two years.  Id. at 1266; Colo.Rev.Stat. § 13-80-102.  Federal law rather than state law determines when a cause of action accrues.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  Id. at 969.  "A civil rights action accrues when facts that would support a cause of action are or should be apparent."  Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).

The Complaint alleges that the defendant Wikoff's last action against the plaintiff was on January 5, 2002.  Therefore, the plaintiff was required to file his civil action against defendant Wikoff by at least January 5, 2004.  The plaintiff's initial Complaint was not received by the

Court until September 7, 2004.[2]

The plaintiff claims that the continuing violation doctrine applies to his claims. The Tenth Circuit Court of Appeals has not extended the continuing violation doctrine to section 1983 actions. Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); Slusher v. Gabler, 36 F.3d 1105, 1994 WL 504310, *2 (10th Cir. Sept. 15, 1994). Therefore, absent tolling, the plaintiff was required to file his civil action against defendant Wikoff on or before January 5, 2004.

The issue of tolling is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's statutory tolling provisions do not apply here because the plaintiff does not allege that he is not a "person under disability," that is to say, he is not "a minor under eighteen years of age, a mental incompetent, or a person under other legal disability and who does not have a legal guardian." See Colo.Rev.Stat. §§ 13-81-101, 103.

Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff asserts that he is entitled to equitable tolling. He alleges that he submitted a kite requesting use of the jail's law library on August 10, 2001. The responding officer denied his request and told him that the law library was available only to those inmates who were designated by the court as *pro se* and who were defending pending criminal cases. *Complaint*, p. 4b, ¶ 8. The plaintiff claims that he was refused access to a law library until October 1, 2002, when he was transferred to the Sterling Correctional Facility. *Plaintiff's Answer to Defendant*

---

[2]The plaintiff argues that, pursuant to the mailbox rule, his Complaint should be deemed filed on September 1, 2004, the date he submitted the Complaint to prison officials for mailing. Because I find that the plaintiff could be entitled to equitable tolling, I do not reach the mailbox rule issue.

*C.O. Leon Wikoff's Motion to Dismiss Amended Complaint Pursuant to F.R.C.P. Rule 12(b)(6)* (the "Response"), p. 6.

Accepting the plaintiff's allegations as true and construing all reasonable inferences in favor of the plaintiff, the plaintiff has sufficiently alleged that the defendants wrongfully prevented him from asserting his claims in a timely fashion. Therefore, the plaintiff may be entitled to equitable tolling from August 10, 2001, until October 1, 2002, which would render the Complaint timely filed.[3] I respectfully RECOMMEND that Defendant Leon Wikoff's Motion to Dismiss Amended Complaint be DENIED insofar as it seeks dismissal of the claim against him as barred by the statute of limitations.

### C. Failure to State a Claim upon Which Relief Can Be Granted

The Complaint alleges that defendant Wikoff violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to substantive due process. *Complaint*, p. 4. The Complaint further alleges that the plaintiff was a pretrial detainee at all times pertinent to the allegations of the Complaint. Id. at p. 3.

The cruel and unusual punishment clause of the Eighth Amendment is concerned with conditions of confinement after a formal adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Consequently, pretrial detainees are not protected by the Eighth Amendment's prohibition against cruel and unusual punishment. Rather, pretrial detainees, by the very nature of their status, "may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535.

The United States Supreme Court has stated:

> While due process protection in the substantive sense limits what

---

[3] I make no determination regarding whether the plaintiff is actually entitled to equitable tolling; I find only that the plaintiff's allegations are sufficient to withstand a motion to dismiss.

> the government may do in both its legislative and its executive capacities, criteria to identify what is fatally arbitrary differ depending on whether it is legislation or a specific act of a governmental officer that is at issue.
>
> Our cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense, thereby recognizing the point made in different circumstances by Chief Justice Marshall, that it is a constitution we are expounding. Thus, in Collins v. Harker Heights, for example, we said that the Due Process Clause was intended to prevent government officials from abusing their power, or employing it as an instrument of oppression.
>
> To this end, for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience. We first put the test this way in Rochin v. California, where we found the forced pumping of a suspect's stomach enough to offend due process as conduct that shocks the conscience and violates the decencies of civilized conduct. In the intervening years we have repeatedly adhered to Rochin's benchmark. Most recently, in Collins v. Harker Heights, we said again that the substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense. While the measure of what is conscience shocking is no calibrated yard stick, it does, as Judge Friendly put it, point the way.

County of Sacramento v. Lewis, 523 U.S. 833, 846-47 (1998) (internal quotations and citations omitted).

Construed liberally, the Complaint alleges that defendant Wikoff wrongfully and vindictively confiscated the plaintiff's food and charged the plaintiff with an infraction, which resulted in the plaintiff being sent to lockdown. These allegations are sufficient to state a claim for violation of the plaintiff's due process rights. I respectfully RECOMMEND that the Motion be DENIED to the extent it seeks dismissal of the claim against defendant Wikoff for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant Leon Wikoff's Motion to Dismiss Amended Complaint be DENIED.

FURTHER, IT IS ORDERED that the Clerk of the Court is directed to amend the docket sheet to change the spelling of the defendant's last name from Wycoff to Wikoff.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 18, 2005

BY THE COURT:

   /s/ Boyd N. Boland
United States Magistrate Judge