**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,
          Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY
COMMISSIONERS OF THE COUNTY OF WELD,
          Defendants.

_____

**ORDER**
_____

      This case is before me on the recommendation of the Magistrate Judge [Doc 82]

issued and served on July 18, 2005 that Defendant Ed Jordan's Motion to Dismiss

Amended Complaint be denied insofar as it seeks dismissal of the claim against him as

barred by the statute of limitations and granted to the extent it seeks dismissal of the claim

against him for failure to state a claim upon which relief can be granted.  Plaintiff filed timely

written objections to the recommendation on August 5, 2005.  Plaintiff does not object to

the Magistrate Judge's recommendation based upon the statute of limitations but preserves

his argument that the "continuing violation" doctrine should be extended to § 1983 cases

in the Tenth Circuit despite controlling authority to the contrary.  *See* Hunt v. Bennett, 17

F.3d 1263, 1266 (10th Cir. 1994).  Plaintiff does object to the recommendation of the

Magistrate Judge that his complaint fails to state a cause of action against Defendant Ed Jordan.

Defendant Jordan has filed his response to Plaintiff's objections. This Defendant correctly argues that this Court is precluded from extending the "continuing violation doctrine" to this § 1983 case by the above cited controlling authority.

Although Defendant Jordan clearly agrees with the Magistrate Judge's recommendation for dismissal for failure to state a claim, the substance of the response appears to object to the Magistrate Judge's determination that the applicable two-year statute of limitations may be equitably tolled. In his complaint, the Plaintiff alleges that he submitted a kite requesting use of the jail's law library on August 10, 2001, following the events about which he complains. He further alleges that on or about January 20, 2002, he sent a letter to Sheriff Jordan "in one final informal attempt at resolving the issue." The Magistrate Judge then went outside the allegations in his amended complaint and noted from Plaintiff's response to the motion to dismiss that Plaintiff claimed he was refused access to the law library until October 1, 2002, when he was transferred to the Sterling Correctional Facility from the County Jail. But as noted by Defendant Jordan's response to Plaintiff's objections, Plaintiff's amended complaint alleges that he was transferred from the Weld County Jail to the Sterling Correctional Facility on September 3 or 4, 2002, not October 1, 2002. Plaintiff's initial complaint was not filed until September 7, 2004. Under these circumstances, I conclude that the Magistrate Judge erred in his determination that the doctrine of equitable tolling applies.

I have reviewed the Magistrate Judge's recommendation *de novo*. On *de novo* review I conclude that the Magistrate Judge correctly recommends that Defendant Jordan's

motion be granted for failure to state a claim upon which relief can be granted.  I further determine that the Magistrate Judge erred in recommending that the motion be denied insofar as it seeks dismissal of the claim against Defendant Jordan as barred by the statute of limitations.

Accordingly,

IT IS ORDERED that Defendant Ed Jordan's motion to dismiss Plaintiff's Amended Complaint be GRANTED and this action is DISMISSED as against Defendant Ed Jordan.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: August 31, 2005