# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,
  Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD,
  Defendants.

___

# ORDER
___

  On July 18, 2005, the Magistrate Judge issued and served his recommendation [Doc 83] that the Motion of Weld County and Weld County Sheriff John Cook to dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) be granted. Plaintiff filed timely written objections to the recommendation on August 1, 2005. The Board of County Commissioners of Weld County responded to the objections on August 25, 2005. I have therefore reviewed the recommendation *de novo*.

  On *de novo* review, I conclude that the recommendation is correct for his failure adequately to allege Governmental policy or custom causing any deprivation of a constitutional right.

  As to Sheriff John Cook, the Magistrate Judge notes that the complaint does not name Sheriff Cook as a defendant nor contain any allegations against him. The

recommendation further notes that Plaintiff states "John Cook is not legally responsible for any liability that was incurred by Ed Jordan during his tenure as Sheriff of Weld County, and as such, the Plaintiff would have no intention of pursuing any legal action against John Cook." Plaintiff's answer to Weld County's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6).

In Plaintiff's objections titled "Plaintiff's Objection to Recommendation of United States Magistrate Judge Regarding [43] Motion to Dismiss filed by the Municipality of Weld County by and through the Board of County Commissioners of the County of Weld", Plaintiff concludes "for the foregoing reasons, the Plaintiff respectfully objects to recommendations of United States Magistrate Judge regarding [43] motion to dismiss filed by the Municipality of Weld County by and through the Board of County Commissioners of the County of Weld, and asks that his claim <u>against this Defendant</u> not be dismissed" (emphasis added). Although from the objections, it appears that Defendant has not objected to dismissal of Sheriff Cook, consistent with his judicial admission noted by the Magistrate Judge, in his objections, the Plaintiff notes that he "did not mention anything about the Sheriff of Weld County in his official capacity, and in fact, still intends to sue that individual, once the court determines who it is." But we know who it is. It is Sheriff Cook. Even construing Plaintiff's pleadings liberally, as with the Board of County Commissioners, Plaintiff has failed to plead the requisite governmental policy or custom and has therefore failed to state a claim upon which relief may be granted against Sheriff Cook in his official capacity. Moreover, Plaintiff has failed to name Sheriff Cook as a party defendant. And, Plaintiff is bound by his judicial admission.

I therefore find and conclude that the Magistrate Judge's recommendation is correct.

Accordingly,

IT IS ORDERED that the Motion of Weld County and Weld County Sheriff John Cook to dismiss Plaintiff's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) is GRANTED and this action is DISMISSED as to these parties defendant.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: August 31, 2005