**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No. 04-cv-01914-LTB-BNB

KEITH E. FRAZIER,

   Plaintiff,

v.

ED JORDAN, Sheriff of Weld County, in his individual capacity,
DR. FLOWER, Weld County Centennial Jail Physician,
JANE DOE #1, Weld County Centennial Jail Dietician,
C.O. WYCOFF, Weld County Centennial Jail Correctional Officer,
JOHN DOES #3 through #9, Weld County Centennial Jail Personnel, and
THE MUNICIPALITY OF WELD COUNTY by and through THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WELD,

   Defendants.
_____

**ORDER**
_____

   This case is before me on the recommendation of the Magistrate Judge [Doc 85] that Defendant Leon Wikoff's Motion to Dismiss Amended Complaint be denied. The recommendation rejects this Defendant's assertion that Plaintiff's claim against him is barred by the applicable two-year statute of limitations. The Magistrate Judge further concludes that Plaintiff's complaint against this Defendant adequately states a cause of action against this Defendant upon which relief can be granted.

   The recommendation was issued and served on July 18, 2005. This Defendant has filed timely written objections to the Magistrate Judge's recommendation. I have therefore reviewed the recommendation *de novo* in light of the file and record in this action.

   The Magistrate Judge correctly states that this Defendant's last action against the Plaintiff was on January 5, 2002 and that he was therefore required to file his civil action

against this Defendant by at least January 5, 2004. Plaintiff's initial complaint was not received by the Court until September 7, 2004.

As the Magistrate Judge notes, Colorado's equitable tolling provisions are "limited to situations in which either the Defendant has wrongfully impeded the Plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the Plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The Magistrate Judge reasoned that Plaintiff submitted a kite requesting use of the jail's law library on August 10, 2001. The responding officer (clearly not this defendant) denied his request and told him that the law library was available only to those inmates who were designated by the court as pro se and who were defending pending criminal cases. *Complaint,* p. 4(b), ¶ 8. The Magistrate Judge noted that Plaintiff claimed he was refused access to a law library until October 1, 2002 when he was transferred to the Sterling Correctional Facility. *Plaintiff's Answer to Defendant C.O. Leon Wikoff's Motion to Dismiss Amended Complaint pursuant to F.R.C.P. Rule 12(b)(6),* p.6. Upon this basis then, the Magistrate Judge determined that Plaintiff may be entitled to equitable tolling from August 10, 2001 until October 1, 2002, which would render the complaint timely filed.

As I noted in my order addressing the recommendation as to Defendant Ed Jordan, the Magistrate Judge went outside the complaint in his analysis. As I also noted in that order, Plaintiff's amended complaint alleges to the contrary that he was transferred from the county jail to the Sterling Correctional Facility on September 2 or 3, 2002. So, even assuming application of the benefit equitable tolling, the date calculated was erroneous and the complaint not filed timely.

More importantly, tolling is governed by Colorado law, Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995), and under the rule of Dean Witter Reynolds, Inc. v. Hartman, *supra*, there is no allegation whatsoever that Defendant Wikoff in anyway wrongfully impeded the Plaintiff's ability to bring the claim because the last act alleged involving Defendant Wikoff occurred on or about January 5, 2002. *Amended Complaint*, p. 4(d). And, there is no manifestation of truly extraordinary circumstances preventing the Plaintiff from filing his claim despite diligent efforts. Even assuming Plaintiff had no access to a law library until October 1, 2002, Plaintiff offers no reason or justification why he could not have filed his complaint timely between October 1, 2002 and January 5, 2004. The circumstances here are not extraordinary much less "truly extraordinary." The record in this case demonstrates that Plaintiff failed to diligently pursue his claim and that failure to timely file was caused by extraordinary circumstances beyond his control. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). I therefore find and conclude that the Magistrate Judge erred in his application of equitable tolling of the applicable statute of limitations and that Plaintiff's complaint against Defendant Wikoff is barred by the statute of limitations.

Although the question is close, I cannot conclude that the Magistrate Judge erred in determining that Plaintiff's complaint states a cause of action against this Defendant.

Accordingly,

IT IS ORDERED that Defendant Leon Wikoff's Motion to Dismiss be GRANTED as Plaintiff's complaint is barred by the statute of limitations and that this action is DISMISSED as to Defendant Leon Wikoff.

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

DATED: August 31, 2005